UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2203 PA (MRWx) | Date | March 25, 2020 |
|---|---|---|---|
| Title | Ponte Vedra Gifts & Accessoris Company, LLC v. NFI Global, LLC | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| T. Jackson | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Motion and Motion to Reopen Case and File Amended Notice to Federal Court of Removal ("Motion to Reopen") (Docket No. 11) filed by defendant NFI Global, LLC ("Defendant"). Defendant has apparently filed the Motion to Reopen in response to this Court's order remanding the action to Los Angeles Superior Court as a result of Defendant's failure to satisfy its burden to prove the existence of this Court's diversity jurisdiction.

Defendant's efforts to cure the deficiencies in their original Notice of Removal are insufficient. As a preliminary matter, by failing to contain a statement in compliance with Local Rule 7-3's meet and confer requirements, the Motion to Reopen violates the Local Rules. The Court denies the Motion to Reopen on this ground.

Additionally, the Court has already remanded the action to Los Angeles Superior Court and administratively closed the action in this Court. As a result, there is no longer an open action pending in this Court that can be effectively amended. A remand order is not reviewable "on appeal or otherwise." 28 U.S.C. § 1447(d). "This language has been universally construed to preclude not only appellate review but also reconsideration by the district court." Seedman v. U.S. Dist. Court, 837 F.2d 413, 414 (9th Cir. 1988). Indeed, the Supreme Court has reiterated that there is no distinction between remands based on procedural and subject matter jurisdiction grounds: "the bar of § 1447(d) applies only to remands based on the grounds specified in § 1447(c), that is, a defect in removal procedure or lack of subject matter jurisdiction." Kircher v. Putnam Funds Trust, 547 U.S. 633, 640, 126 S. Ct. 2145, 2153, 165 L. Ed. 2d 92 (2006); see also id. ("'[W]e have relentlessly repeated that 'any remand order issued on the grounds specified in § 1447(c) [is immunized from all forms of appellate review], whether or not that order might be deemed erroneous by an appellate court.'") (quoting Thermtron Prods., Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S. Ct. 584, 593, 46 L. Ed. 2d 542 (1976) (alteration in original)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 20-2203 PA (MRWx) | Date | March 25, 2020 |
|---|---|---|---|
| Title | Ponte Vedra Gifts & Accessoris Company, LLC v. NFI Global, LLC | | |

    Defendant's efforts to amend its Notice of Removal after the case has already been remanded, on the same grounds that it originally sought to remove the action, is an impermissible successive removal. A second removal is permissible when made on new grounds arising from subsequent pleadings or events. See Peabody v. Maud Van Cortland Hill Schroll Trust, 892 F.2d 772, 776 (9th Cir. 1989); One Sylvan Rd. N. Assocs. v. Lark Int'l, Ltd., 889 F. Supp. 60, 62–63 (D. Conn. 1995) ("A defendant who fails in an attempt to remove on the initial pleadings can file a second removal petition when subsequent pleadings or events reveal a new and different ground for removal.") (emphasis added). However, a party cannot remove a case twice based on the same grounds. See Seedman v. U.S. Dist. Court for Cent. Dist. of Cal., 837 F.2d 413, 414 (9th Cir. 1988) ("a second removal petition based on the same grounds does not 'reinvest' the court's jurisdiction"). Indeed, a second attempt at removal is justified only when there has been a "substantial change in the nature of the instant case since it was last in this court." One Sylvan, 889 F. Supp. at 64.

    Defendant's Amended Notice of Removal merely omits the allegations contained in their original Notice of Removal made on "information and belief" concerning plaintiffs' citizenship. Defendant's amended allegations are insufficient to support a proper successive removal. They do not constitute a new and different ground for removal and are not based on a substantial change in the nature of the case since the Court remanded the action. As such, Defendant has impermissibly attempted to remove this action twice on the same grounds. Such successive removals are improper and unjustified.

    For all of the foregoing reasons, Defendant's Motion to Reopen and attempt to file an Amended Notice of Removal have not successfully relieved Defendant of the Court's order remanding this action to Los Angeles Superior Court. This action is pending in Los Angeles Superior Court and remains closed in this Court.

    IT IS SO ORDERED.